**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-60691-Civ-SCOLA**

Sabal Palm Condominiums of Pine
Island Ridge Association, Inc.,

      Plaintiff,

vs.

Laurence M. Fischer and Deborah
G. Fischer, *et al.*,

      Defendants.

_____/

### Order Denying Motion For Sanctions

    Marvin Silvergold moves for sanctions against the Fischers under Rule 11 of the Federal Rules of Civil Procedure, arguing that the claims they brought against him are frivolous.  (ECF No. 206.)  The Court **denies** his motion (ECF No. 206).

    A person signing a pleading violates Rule 11 when (1) the pleading is presented for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; (2) the claims or legal contentions are not "warranted by existing law" or by a "nonfrivolous argument" for changing existing law; or (3) the factual contentions lack evidentiary support.  Fed. R. Civ. P. 11(b).  Sanctions for violating Rule 11(b) are discretionary: "[i]f . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).  Just because a claim is dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure does not mean that the dismissed claim is automatically subject to sanctions under Rule 11.[1]  *Thompson v. RelationServe*

---

[1] In an opinion concurring in part and dissenting in part, Judge Tjoflat cited a Seventh Circuit case to conclude that when a "complaint contains multiple claims, one nonfrivolous claim will not preclude sanctions for frivolous claims." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 664 (11th Cir. 2010) (Tjoflat, J., concurring in the appeal and dissenting in the cross-appeal) (citing *Reed v. Great Lakes Companies, Inc.*, 330 F.3d 931, 936 (7th Cir.2003). Though the Court did not exhaustively research the issue, the Court found no controlling precedent from the Eleventh Circuit on this point.  But the Court

*Media, Inc.*, 610 F.3d 628, 665 (11th Cir. 2010) (Tjoflat, J., concurring in the appeal and dissenting in the cross-appeal).

Because the Court determines that the Fischers have stated a valid refusal-to-accommodate claim, this claim is obviously not sanctionable under Rule 11. Silvergold's argument that this claim should be sanctioned because it is frivolous therefore fails. To the extent that Silvergold argues that the *Noerr-Pennington* doctrine renders him immune from this claim, he is mistaken. Silvergold's liability for this claim does not stem from Sabal Palm commencing the declaratory-judgment action. Rather, it stems from Sabal Palm's decision to not simply grant Deborah Fischer's request for an accommodation after it had more than enough information to determine that she was entitled to one under the Fair Housing Act (FHA). (In fact, Sabal Palm's Board, of which Silvergold is the president, voted to deny her requested accommodation and sue instead.)

Assuming without deciding that the Fischers' § 3604(c) claim violates Rule 11, the Court concludes that sanctions under Rule 11 are not warranted. As detailed in the Court's first Omnibus Order, Sabal Palm's December 2011 rules and the amended November 2012 rules contain rules that are plainly unlawful under the FHA. Sabal Palm and Silvergold are probably lucky that the Fischers brought these claims under a section of the statute that does not apply. In any event, sanctions are certainly not warranted for the Fischers' attempt to state a cause of action surrounding these extremely problematic rules.

The same result holds for the Fischers' § 3617 claim. Assuming without deciding that this claim violates Rule 11, the Court concludes that sanctions under Rule 11 are not warranted. The Fischers' argument that the declaratory-judgment action was retaliatory was certainly a plausible argument. Sabal Palm had more than enough information to conclude that Deborah was entitled to keep Sorenson under the FHA. Its decision to sue her was not wise. But the Court concluded that even if Sabal Palm's contentions in the declaratory-judgment action—namely, that it could deny Deborah's requested accommodation and that it was entitled to even more information than she had

---

need not decide whether each claim in a Complaint is separately subject to sanctions under Rule 11. Because the Court concludes that sanctions in this case are not warranted even if the 42 U.S.C. § 3604(c) and 42 U.S.C. § 3617 claims violate Rule 11, deciding whether each claim in a Complaint is subject to sanctions under Rule 11 is not necessary. The Court therefore assumes without deciding that each claim may be sanctioned under Rule 11 even when at least one claim in the Complaint is nonfrivolous and survives scrutiny under Rule 12(b)(6).

already provided—were extremely dubious, the declaratory-judgment action was not a sham. But deciding that the lawsuit was not a sham was a close call. Sanctions against the Fischers are thus not warranted for this claim.

For the above reasons, the Court **denies** Silvergold's Motion for Sanctions (ECF No. 206).

**Done and ordered** in chambers, at Miami, Florida, on March 31, 2014.

**Robert N. Scola, Jr.**
**United States District Judge**